11 U.S. Code Section 503B.4 provides that a creditor shall be reimbursed for its attorney's fees if the creditor's expense is allowable under Section 503B.3. In the case of Barr, creditors having filed an involuntary petition were entitled to their reimbursement of their attorney's fees, and the Bankruptcy Appellate Court found that to be the case. Okay, so you won there, and now we're talking about those fees to win in front of the VAP, right? That's right. And is the standard of review abuse of discretion? Well, I think it's really a matter of law here. I don't know what the VAP's opinion denying the fees does not set forth any facts or reasoning, so I'm assuming they concluded that we weren't entitled to them as a matter of law, though that's a guess, I guess. Well, I guess the thing is, it's your contention that the law requires that bankruptcy appeals panels award you attorney's fees, but was there an issue of discretion there? Well, it seems that the statute, you know, says that the creditor shall be reimbursed for their attorney fees, and I think the question is not whether so much as perhaps how much, it would be whether there would be discretion, and I think that would be a reasonable question. Well, let's assume that the standard is abuse of discretion. Give me your best argument that the bankruptcy court abused its discretion, the VAP. Well, we incurred substantial fees trying to just get what we were entitled to. We prevailed. If we don't get our fees, we will have spent more money and as much money on fees as we were entitled to seeking in the bankruptcy court. We're going to get, in essence, nothing. And it defeats the, you know, it takes, in essence, takes away the, you know, the benefit of having won the appeal. Does the size of the estate have anything to do with it? Well, I mean, is that something, how should that, how... It might have something to do with the amount of the fees, but I recognize the problem, but I think we have an unfortunate circumstance here where we had a bankruptcy judge who, you know, expressly, you know, probably, well, good reasons, but expressly followed a dissenting opinion and denied an unopposed fee application. We then had a counsel appointed in a vigorous defense of the appeal and substantial fees were incurred. It's, you know, it's, it is unfortunate. Are you familiar with our case called New Corp Energy 8? Mm-hmm. Or generally, yeah. Do you find any help in that case? Well, I think that the court, that case, if I recall, does show that we should get fees. That was a failure to award fees in a fee application case. Mm-hmm. And we held that they were entitled to get fees in a fee application case. And it was followed up by another case entitled Henry Smith, which expanded on New Corp. Are you familiar with that case? It adopted the New Corp rationale that a failure to grant fees for successfully defending challenges to an authorized fee application would dilute the awards in violation of the statute, and this would reduce the effective compensation of bankruptcy attorneys to a level below the compensation available to attorneys generally. Sounds good to me. Well, do you, would you, would you want to reserve your time and let me hear what the other side has to say and then come back and respond to that so we can focus this argument a little bit? Okay. Thank you. Thank you. Good morning, Your Honors. Frank Ruggiero, Banning, Gill, Diamond, and Kollatz, on behalf of the Apelli Chapter 7 trustee, Nancy Knafer. Okay. Good morning. Let's just sort of cut right to it from the standpoint that obviously the bankruptcy court got it wrong. They had to appeal to get it, you know, to get the fees that they were entitled to, and that's behind us. So, and he's saying, well, we won, and we were entitled, you know, the higher authority said that we deserve to win, so why shouldn't we get our money? And the trustee gets paid, right? The trustee, assuming that there's fees to pay the trustee, yes, the trustee would get paid. So if. But the trustee is employed under 303 with court authority. Well, do you concede that the BAP had the authority to award fees if it wanted to? No, I don't think that the BAP did. All right, so are you saying that there's no right to attorney's fees whatsoever when you prevail in front of the BAP? I think in this context. No, no, no. I mean, first, let's just start out in, does the BAP have the authority to award attorney's fees to a prevailing party? Yes, in certain circumstances, yes. All right, and what is, how, what would be, what do you say, what are the parameters for exercising that discretion? Is it abusive discretion? I think it is an abusive discretion standard. All right, well, he said, hey, we were denied our fees, we won, why shouldn't he, why shouldn't he get the money, why shouldn't he get his attorney's fees? Because 503B, in which is the underlying, well, it's the general American rule that you don't get your fees upon prevailing, that each side bears their own cost. There are some exceptions. The appellant uses the statutory exception that these fees were awardable under the bankruptcy code, and he relies on Section 503B for those. Now, the 503B is very explicitly written, and it meets a small group, not a small group, but 503B covers a very small group of allowance of fees. These are compensation for attorneys that aren't, or other professionals, accountants could be included in there and other professionals, where there is, where they're not prior, were not previously approved for employment by the court. So it's different than 330, which is where professionals normally see compensation under and get preapproval for their employment. This is a narrow exception where it allows creditors, petitioning creditors, that are successful in seeking an involuntary petition to shift the burden of their attorney's fees to the estate. Well, the case, the language of the statute says the bankruptcy court shall pay certain administrative expenses, costs from the estate, including reasonable compensation for professional services rendered by an attorney of creditors who has here placed the debtor in involuntary bankruptcy. Why is that an authority under the statute to pay these? Well, it doesn't, it's not the general language that typically found that prevailing parties in litigation get their attorney's fees, and I think that is the big difference, that 503B is very specific to the award of attorney's fees for the petition creditors, and just for that specific purpose. That's what happened here. Correct. And the BAP got it, the BAP decided that their attorney's fees should be awarded. But 503B doesn't say anything about awarding fees for an appeal or for other work done, such as I know that there's a lot of analogies to filing a fee application and being compensated for filing a fee application and being compensated for appellate work or appellate litigation. 503 doesn't allow for that, whereas 330A6 specifically says fee applications you can be compensated for. And although the appellants argue that 503B would allow that there's case law that says you can get compensated for preparing a fee application, there's cases that say that you can't be compensated, and maybe most telling is the fact that the appellants themselves didn't seek compensation for their own fee application preparation, despite their assertion now that they were entitled to it. So I think that absent more specific, and the appellants rely on a string of cases saying you win at the lower, you get attorney's fees at the lower level, you get attorney's fees at the appellate level. And he cites ERISA cases, civil rights cases, a whole bunch of non-bankruptcy cases where it has one party versus the United States or one party versus another party, and the prevailing party wins. Bankruptcy context, especially in a Chapter 7 context where you're fighting over a limited fund, is completely different than those contexts. Who's offs get scored when you're fighting over a limited fund? That's really the question here. Very true. The attorney works for nothing, so the fund stays full, but, of course, you get paid. No, I'm not saying that the attorney should work for nothing, but creditor, first of all, the creditor, the attorney is working for the creditors here. The appellants have, the Bloom Firm has clients, arguably that retain them to do this work, and would be liable to the Bloom Firm to pay these fees. And had the Bloom Firm, our argument is that, or I shouldn't say that, the appellant just argued it's not fair that we didn't get our attorneys' fees. We've spent more money on, you know, on our appellant fees trying to chase back our $9,000, and if we don't get our appellant fee, our fees for the appeal work, it's all for nothing, it's not fair. Well, that's the bankruptcy context. You're fighting over limited resources, and they knew that, or they should have gone through that analysis going forward that, hey, you know, maybe it's not worth filing appeal over $9,000 in fees, especially in this situation. The Bloom Firm's clients, the creditors, were going to receive 85% of the money. So by them prosecuting this appeal and eating up attorney's fees, whether they're awarded to the trustee or they're awarded to the appellant and the trustee to share, they're effectively taking money away from their own clients, because that's all money that's eaten up by the appellate work. So I think there's a cost-benefit analysis, and there's the risk of loss in deciding whether to file an appeal, which is normal in a lot of contexts. You have to decide whether it's worth it to appeal. Well, let me ask you this. The bankruptcy, the BAP just basically denied it, right? It was sort of a, so do we have any, how do we know what the exercise of their discretion was? The exercise of the original bankruptcy court's discretion? No, what's on appeal here? The BAP's decision to deny the fees? Yes. How do I know that it's abuse of discretion? Well, what information do we have that says why the BAP did that? The BAP summarily decided no fees. So we don't know what the reasoning was? We don't know what the reasoning was. So how do we review, if the standard's abuse of discretion, how do we decide whether they abused their discretion if we don't know what they did? It's difficult, Your Honor. We don't know. Not a mind reader. Absolutely, nor is the trustee. They denied the fees. Obviously, they felt it was unjustified for whatever reason. I can assume, and I don't like to assume, but I can assume that if they thought that it was a reasonable list, they would have went into detail why they thought certain fees were unreasonable. I can assume by the fact that they just summarily denied them that they thought that there was no legal right to those fees. But we don't have any exact legal direction on that that says there's no right to those fees, right? Correct. They didn't come out and say. But there is no, we don't have case law directly on point on that. No, Your Honor, we don't. It would have been nice if the BAP said, per the American rule, no attorney's fees to the prevailing party. At least that would have given us some guidance what they were thinking. All of us can only assume what they were thinking, and it does leave a problem for an abuse of discretion standard as to how do you determine whether they abuse their discretion if they don't tell you what their discretion was. All right. Unless, do you have a question? If there was a de novo review, what's your position with respect to just the de novo review? The fact that 503, is it 503 doesn't contain any specific language granting appellate fees? Correct, Your Honor. 503B doesn't provide anything. The strict language and specific reading of 503 doesn't provide for fees for anything other than what is specifically allowed in 503B. Is it your position, then, that we really have to review this on a de novo basis rather than abuse of discretion? Considering that there is, generally BAP decisions are reviewed on a de novo basis. I believe that is correct. And I think that in this situation, this panel has nothing to go by but to review it on a de novo basis because it has nothing in which from the BAP to go by. So, yes, I would agree with that, that you're probably faced to review the BAP decision on de novo review. But even under that standard, a completely new review of this, I think the American rule in 503B strict statutory interpretation finds no appellate or no reason to award fees to a prevailing party on appeal and that there's no bankruptcy court authority that would provide that other than those two. All right. Unless panel members have other questions, your time has expired. Thank you. Thank you, Your Honor. Just one short thing. There was a discussion of the limited fund. And I'd like to point out that the same rule permitting attorney fees on appeal is applied in the common law. Can you speak up a little? In the common law, common fund exception to the American rule cases as well. And I've cited Mills v. Electric Auto Light Company in my briefs. And that is it, I think. All right. If you don't have anything further, then the matter will stand submitted. Thank you both for your argument.
judges: Hall, Callahan, Strom